ROBERT L. MEYLAN (State Bar No. 144031)
rmeylan@murphyrosen.com
MURPHY ROSEN & MEYLAN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone: (310) 899-3300
Facsimile: (310) 399-7201

MICHAEL S. FRENCH (*Admitted Pro Hac Vice*)
mfrench@wargofrench.com
DAVID M. PERNINI (*Admitted Pro Hac Vice*)
dpernini@wargofrench.com
JOHN P. MITTELBACH (*Admitted Pro Hac Vice*)
jmittelbach@wargofrench.com
WARGO & FRENCH LLP
1170 Peachtree Street, N.E., Suite 2020
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Facsimile: (404) 853-1501

Attorneys for Defendants
TIME WARNER CABLE LLC,
TIME WARNER NY CABLE, LLC,
CAC EXCHANGE I, LLC,
CAC EXCHANGE II, LLC,
C-NATIVE EXCHANGE I, LLC, and
TIME WARNER ENTERTAINMENT, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BUSINESS CAPITAL CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE LLC, a Delaware limited liability company, TIME WARNER NY CABLE LLC, a Delaware limited liability company, CAC EXCHANGE I, LLC, a Delaware limited liability company, CAC EXCHANGE II, LLC, a Delaware limited liability company, C-NATIVE EXCHANGE I, LLC, a Delaware limited liability company, and TIME WARNER ENTERTAINMENT, L.P., a Delaware limited partnership. <br><br> Defendants. | CASE NO. CV09-5188RSWL(PJWx) <br><br><br><br><br> **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |

1

| | |
|---|---|
| TIME WARNER CABLE LLC, | ) |
| Counter-Claimant, | ) |
| vs. | ) |
| PACIFIC BUSINESS CAPITAL CORPORATION, a California corporation; CANFIELD FUNDING LLC (d/b/a) MILLENNIUM FUNDING, a New York limited liability company, | ) |
| Counter-Defendants. | ) |

## GOOD CAUSE STATEMENT

WHEREAS, Time Warner Cable LLC, Time Warner NY Cable LLC ("Time Warner"), Pacific Business Capital Corporation ("PBCC") and Canfield Funding LLC (d/b/a) Millennium Funding ("Millennium") (collectively, "the Parties" and individually as a "Party") believe that good cause exists for entry of this [PROPOSED] Stipulated Protective Order regarding confidential documents and information ("Stipulated Protective Order");

WHEREAS, the Parties, through counsel, hereby stipulate to entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure of the Parties' confidential and proprietary business records;

WHEREAS, in the discovery that has taken place in this matter, the Parties have requested confidential personnel, financial, and proprietary business records which are not publicly available, including the following types of information: (1) financial records and information concerning or related to the Parties; (2) confidential documents and information related to the Parties' business operations that are not available to the general public; and (3) documents and information concerning non-party past or current employees of Defendants; and

WHEREAS, the Parties agree that "Confidential Information" defined and timely designated as described below in this stipulation should be protected from

unwarranted use or disclosure;

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order shall govern, and is limited to, the Confidential Information produced in the course of this civil action, relating to confidential information which is not publicly available:

1.  For purposes of this Stipulated Protective Order, the term "Confidential Information" includes information that is sensitive, proprietary, and/or personal information of non-parties. The Parties agree and stipulate that Confidential Information includes the following types of information: (1) documents or information concerning non-party past or current employees of Defendants; (2) financial records and information concerning or related to the Parties; (3) documents or information related to the Parties' business operations that are not available to the general public; (4) documents or information related to the Parties' customers and/or vendors that are not available to the general public; and (5) documents or information containing medical, tax, financial, competitive or other information as would make the information subject to protection from compelled public disclosure under generally accepted principles of federal and/or California law.

2.  To the extent any Party produces any documents or prepares any discovery response(s) that they in good faith believe contain Confidential Information, the producing Party shall designate the documents or interrogatory responses as "CONFIDENTIAL." In the case of documents, the Party contending that some of the information on a given document is Confidential Information has the burden of designating the document(s) by stamping each such document "CONFIDENTIAL" prior to its production to the other Party's attorneys of record. In the case of discovery responses, if a Party contends that a particular response

contains Confidential Information it shall produce said response on a separate pleading to be served concurrently with the non-confidential responses. The title of the separate responsive discovery document should indicate that said responses are "CONFIDENTIAL."

3. When a Party wishes to designate a document or material produced by someone other than the designating Party as Confidential Information, such designation shall be made: (i) within twenty (20) days from the date that the designating Party receives the document or material, and (ii) by notice to all Parties, identifying with particularity the designated document or material.

4. Deposition or hearing transcripts (or portions thereof) may be designated "CONFIDENTIAL" either by: (i) stating orally on the record during a deposition or hearing that certain information or testimony and/or exhibits (or the entire transcript) is Confidential, or (ii) informing the court reporter and counsel of record for all Parties in writing of the portions so designated within twenty (20) days after the transcript is received, after which all Parties shall mark the original and all copies of the pertinent transcript in accordance with the designations received. The designation of "CONFIDENTIAL" shall be prominently affixed to the original and all copies of each transcript page that contains any Confidential Information. The cover of each deposition transcript that contains Confidential Information shall bear the legend: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECIVE ORDER." The transcript shall be treated as Confidential Information until the twenty (20) day designation period has passed. Where testimony is designated at a deposition, the designating Party may exclude from the deposition all persons other than those to whom the Confidential Information may be disclosed pursuant to this Order. Additionally, any Party may mark deposition exhibits as Confidential Information and examine the witness thereon (provided that the witness is one to

whom Confidential Information may be disclosed pursuant to this Order), and the exhibit and related transcript pages receive the same confidentiality designation as the original document or material.

    5.    Confidential Information shall not be used by or disclosed to any other person except as set forth below, unless agreed to in writing by counsel or as otherwise permitted by order of the Court:

    a.    The Parties;

    b.    Legal counsel, attorneys of record, their private investigators, if any, their associated attorneys, and their support staff, including financial, paralegal, and clerical personnel who are employed or retained by attorneys of record and who will be involved in this litigation;

    c.    Experts or consultants, not including Parties, who are requested by counsel to furnish technical or other expert services or to give testimony or otherwise participate in this litigation, who shall, before any disclosure is made, sign the Written Assurance in Exhibit "A";

    d.    Witnesses or deponents in connection with giving or taking testimony in this litigation; provided that such witnesses may only be shown copies of Confidential Information during their testimony and shall not retain any such materials, who shall, before any disclosure is made, sign the Written Assurance in Exhibit "A." The Parties are under no obligation to exchange with one another the executed written assurances they obtain;

    e.    The Judge, the Magistrate, their respective staff and court reporter(s); and,

    f.    Upon subpoena or order of a court of competent jurisdiction. The non-producing Party who intends to produce Confidential Information as a result of a subpoena or court order must notify counsel of record for the producing Party via e-mail and facsimile: (1) that the non-producing Party has received a

1  subpoena/court order that may call for the production of Confidential Information
2  and provide a copy of such subpoena/court order to the producing Party; or (2) that
3  the non-producing Party has received a subpoena/court order that calls for the
4  production of Confidential Information at least three (3) business days prior to
5  producing such information.  Notwithstanding the foregoing, nothing in this Order
6  shall be construed as authorizing a Party to disobey a lawful subpoena issued in
7  another action.

8    6.   The production of any Confidential Information during discovery in
9  these actions without a "CONFIDENTIAL" designation shall be without prejudice
10 to any claim that such document or information is Confidential or is privileged in
11 any respect or protected from discovery, and no designating Party shall be held to
12 have waived any rights by such inadvertent production.  If, after producing a
13 document or information, a designating Party determines that the document or
14 information should have been designated as Confidential Information, the
15 designating Party shall promptly provide written notice to the other Party and shall
16 provide a replacement copy of the document, information or material bearing the
17 designation of "CONFIDENTIAL" within three (3) business days of such written
18 notice.  The receiving Party shall promptly return the undesignated document,
19 information or material and any copies thereof to the designating Party after
20 receiving the appropriately designated document or information.  During the three
21 (3) business day period following written notification, the receiving Party shall treat
22 the undesignated document or information as though it had been so designated.

23   7.   This Stipulated Protective Order shall control the use and disclosure of
24 all Confidential Information contained in documents, information or materials
25 produced in connection with the discovery propounded by the Parties in this
26 litigation, except that this Stipulated Protective Order shall not restrict any Party's
27 ability to use or disclose public information obtained from any non-party or
28

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

compiled from independent sources. Further, nothing in this Stipulated Protective Order shall be construed as a restriction on the use or disclosure of a Party's own documents, information or materials by such Party producing the documents, information or materials. Similarly, nothing in this Stipulated Protective Order shall be construed as a restriction on providing Confidential Information to any individual appearing on the face of the document or material to be an addressee, recipient, originator or author of such document, material or information.

8. Material designated as Confidential Information pursuant to this Stipulated Protective Order, the information contained therein, and any summaries, copies, or abstracts, or other documents derived in whole or in part from such Confidential Information shall be used only for the purposes of this litigation and not for any business or other purpose.

9. Confidential Information shall be given confidential treatment in any pleadings, motion or other document filed with the court which attaches, discloses or refers to the Confidential Information, or discloses the contents thereof, by complying with the procedure outlined in Local Rule 79-5.1, which provides that if any papers to be filed with the Court contain Confidential Information, the proposed filing shall be accompanied by an application to file the papers of the portion thereof containing the Confidential Information (if such portion is segregable) under seal; and that the application shall be directed to the Judge to whom the papers are directed. For motions, the Parties shall also file a redacted version of the motion and supporting papers.

10. If a Party or its counsel objects to another Party's designation of information as confidential, it shall give notice to opposing counsel of such objection and the Parties shall make a reasonable, good faith effort to resolve the issue. If the Parties are unable to resolve the issue, the objecting Party may move the Court for appropriate relief pursuant to the requirements under Local Rules 37-1

and 37-2 governing discovery disputes (including the requirement that the Parties filed a Joint Stipulation concerning the matters in dispute). In any proceeding challenging any "Confidential" designation, the producing Party shall have the burden of establishing the propriety of such designation. Pending the Court's ruling on any such motion, the information shall continue to be treated as confidential under this Stipulated Protective Order.

11. This Stipulated Protective Order shall not be deemed a waiver of and shall be without prejudice to the following rights of the Parties:

   a. Any Party's right to object to any discovery requests on any ground or to seek relief pursuant to Local Rules 37-1 and 37-2 with respect to any such discovery request;

   b. Any Party's right to seek an order compelling discovery with respect to any discovery request;

   c. Any Party's right to object to the admission of any evidence on any ground;

   d. Any Party's right to seek from the Court a modification of this Stipulated Protective Order; or

   e. Any Party's right to challenge the propriety of the other Party's designation or withdraw its own designation of any document, information or material as Confidential Information at any time. Failure of any Party to promptly challenge the propriety of such a designation shall not preclude that Party's subsequent objection to such designation, a motion by that Party to seek a determination as to the propriety of such designation or a motion by that Party to otherwise modify the provisions of this Stipulated Protective Order. The designation by a Party that material is Confidential Information shall not constitute an admission by any other Party that the material is

confidential.

12. Upon final termination of this litigation, with or without trial and including any appeal, any originals or reproductions of any Confidential Information shall be returned to the producing Party, except that the Court will maintain custody of its own records. The terms of this Stipulated Protective Order shall continue to bind the Parties after this litigation is concluded.

13. This Stipulated Protective Order shall remain in effect until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.

**IT IS SO STIPULATED.**

BRUCE S. OSTERMAN APC

Dated: July ____, 2010         By: _____
                                    Bruce B. Osterstrom

                                    Attorney for Plaintiff and Counter Defendant PBCC

LANAK AND HANNA

Dated: July ____, 2010         By: _____
                                    Francis J. Lanak
                                    Robert John Stroj

                                    Attorneys for Plaintiff and Counter Defendant PBCC

WARGO & FRENCH LLP

Dated: July ____, 2010         By: _____
                                    Michael S. French
                                    David M. Pernini
                                    John P. Mittelbach

                                    Attorneys for Defendants and Counter Claimant Time Warner

Dated: July _____, 2010

HEMAR ROUSSO & HEALD LLP

By: _____
    Peter J. Lesser
    Wayne R. Terry

Attorneys for Counter Defendant Millennium

Dated: July _____, 2010

MAGAVERN MAGAVERN GRIMM LLP

By: _____
    Richard A. Grimm, III

Attorneys for Counter Defendant Millennium

**IT IS SO ORDERED.**

DATED: October 28, 2010

*/s/ Patrick J. Walsh*
Hon. Patrick J. Walsh
United States Magistrate Judge

## EXHIBIT A

## **WRITTEN ASSURANCE**

I, _____ (insert name, business position and address), reside at _____, in the City of _____. I have read and understand the Stipulation Regarding Confidential Information and Protective Order thereon ("Stipulated Protective Order") filed _____, 2010. I am engaged as a _____ (insert name of position) on behalf of _____ (insert name of Party) in the preparation and conduct of the action entitled *Pacific Business Capital Corporation v. Time Warner Cable LLC, et al*; In the United States District Court for the Central District of California, Case No. CV09-5188RSWL(PJWx). I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I will not divulge Confidential Information (as that term is defined in the Stipulated Protective Order) to persons other than those specifically authorized by the Stipulated Protective Order. I will not copy or use, except solely for the purpose of this litigation, any information protected by the Stipulated Protective Order except as expressly permitted by the Court.

_____
PRINT NAME

_____
SIGNATURE

_____
DATE

640854_1

MURPHY ROSEN & MEYLAN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201