O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Business Capital Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>Time Warner Cable, LLC;<br>Time Warner NY Cable, LLC,<br>a Delaware limited<br>liability company,<br><br>        Defendants. | CV 09-5188 RSWL (PJWx)<br><br>**ORDER Re: Plaintiff Pacific Business Capital Corporation's Motion for Partial Summary Judgment [111]** |

    Before the Court is Plaintiff Pacific Business Capital Corporation's ("Plaintiff") Motion for Partial Summary Judgment [111]. The Motion was set for hearing for June 6, 2012 and taken under submission on June 5, 2012. After considering all of the papers and arguments submitted on this matter, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **GRANTS in Part and DENIES in Part** Plaintiff's Motion.

///

1

## I.  BACKGROUND

The Court took five motions pertaining to the present action under submission on June 5, 2012 including: (1) the present Motion for Partial Summary Judgment [111], (2) two related cross-motions for summary judgment [120, 125], (3) a motion in limine [119], and (4) a motion for sanctions [104].  The Court has outlined the relevant factual background for this Action in its Order regarding Defendants Time Warner Cable, LLC and Time Warner NY Cable, LLC's ("Defendants") Motion for Partial Summary Judgment [120].

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  Soremekun v. Thrifty Payless, Inc., 509

F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed material fact remains. <u>Celotex</u>, 477 U.S. at 322. The non-moving party is required by Federal Rule of Civil Procedure 56(e)[1] to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. <u>Id.</u> at 324.

### III. ANALYSIS

In its Motion, Plaintiff moves for partial summary judgment, for the following five issues, claiming that: (1) Defendants are liable to Plaintiff for $954,468.56 in invoices that Defendants improperly paid to Wire to Wire ("WTW") after receiving notice that WTW assigned all of its accounts receivable to Plaintiff; (2) Defendants are liable to Plaintiff for $149,022 in WTW invoices that Defendants acknowledge are owing but refuse to pay because of the current litigation; (3) Defendants are liable to Plaintiff for $249,202 in WTW invoices that Defendants "escheated"; (4) Defendants' defense that payments made to Plaintiff through the "Earned Reserve" resolves Defendants' liability to Plaintiff is without merit; and (5) Defendants' defense that Plaintiff may not recover damages on non-factored

---

[1] The Federal Rules of Civil Procedure were amended on December 1, 2010. Federal Rule of Civil Procedure 56(e) has now been codified as Federal Rule of Civil Procedure 56(c).

3

accounts is without merit.

**A.   Defendants' Liability for $954,468.56 in Invoices**

The California Commercial Code states that a debtor "may not discharge the obligation by paying the assignor." Cal. Com. Code § 9406(a). As such, an account debtor who ignores the notification of assignment and continues to pay the assignor is not relieved of its obligation to pay the assignee and will be subject to liability to the assignee for any payments made to the assignor. See, e.g., Ta Chong Bank Ltd. v. Hitachi High Techs. Am. Inc., 610 F.3d 1063, 1069 (9th Cir. 2010). The Eighth Circuit in interpreting a state statute similar to the California Commercial Code, held that "payments made after notice" of assignment are made at the debtor's "own peril, and he cannot complain if he is compelled to pay twice." Credit General Ins. Co. v. NationsBank, N.A. Midwest, 299 F.3d 943, 944 (8th Cir. 2002).

Here, it is undisputed that Plaintiff followed the requirements of the California Commercial Code in notifying Defendants of its assignment interest in WTW's accounts receivable. Plaintiff sent two notices to Defendants on August 18, 2006 and August 24, 2006, and Defendants do not dispute that they received these Notifications of Assignments. Dodge Decl. ¶ 6, Ex .1 and ¶7, Ex. 2. Moreover, Defendants do not dispute that they paid $945,468.22 to WTW after receiving Notification of Assignment from Plaintiff.

1   However, the Court finds that summary judgment is,
2 nevertheless, inappropriate concerning Plaintiff's
3 entitlement to this amount.  Genuine issues of material
4 fact exist concerning whether WTW reimbursed Plaintiff
5 for any of the $945,468.22 amount.  Defendants
6 introduce expert reports that show that Plaintiff
7 recovered a large portion of this $945,468.22 from
8 WTW's reserve account with Plaintiff.  Moreover,
9 Plaintiff presents testimony from its employees that
10 any money recovered from the reserve account is solely
11 a bookkeeping entry and not an actual recovery of
12 funds.  Thus, given the contradicting evidence, the
13 Court finds that these facts are genuinely in dispute.
14 As such, the Court **DENIES** summary judgment as to
15 Defendants' liability to pay $954,468.56 in invoices.
16 **B.   Defendants' Liability for $149,022 in WTW Invoices**
17   Plaintiff argues that summary judgment is
18 appropriate for $149,022 because this amount allegedly
19 represents the total amount owed to WTW in invoices
20 that Defendants acknowledge as valid and unpaid.  The
21 Court, however, finds that summary judgment is not
22 appropriate for this amount as genuine issues of fact
23 exist as to whether the work reflected on the $149,022
24 worth of invoices were done by "WTW" or "Wired or Not."
25   More specifically, the invoices, themselves, are
26 ambiguous as to which company actually performed the
27 work.  Though these invoices are printed on WTW's
28 letter head, the words "Wired or Not" are written above

5

a crossed-out WTW logo on many of these invoices. Accordingly, when these ambiguous invoices are considered in conjunction with deposition testimony from Defendants' employees concerning the nature of work performed by Wired or Not, a reasonable juror could find that the $149,022 was performed by "Wired or Not" and not WTW.

Thus, because Wired or Not is a separate entity form WTW and Plaintiff would not be entitled to payment for work performed by Wired or Not, the Court **DENIES** summary judgment for this amount.

**C. Defendants' Liability for $249,202.00 in WTW Invoices that Defendants "Escheated"**

Plaintiff argues that it should be entitled to $249,202 in WTW invoices that Defendants acknowledge are due and owing but did not pay Plaintiff only because of the current litigation. The Court hereby **GRANTS** summary judgment concerning Defendants' liability to this $249,202.00 amount as there are no genuine issues of material fact regarding Plaintiff's entitlement to these funds.

Plaintiff, as the assignee and security holder to WTW's accounts with Defendants, is entitled to recovery for all payments due to WTW. Here, it is undisputed that: (1) Defendants cut a check for $249,202 in WTW invoices for work WTW did in July 2007, (2) the wiring work represented in these invoices was done by WTW and not "Wired or Not," (3) the invoices for this amount

are valid and due and owing to WTW, and (4) Defendants did not issue the check because of the current litigation.

Defendants argue that any monetary claim by Plaintiff is not ripe for summary judgment because any claim is subject to Defendants' right to set off or recoupment based on WTW's obligation to indemnify Defendants for the costs and expenses of this lawsuit. The Court, however, finds Defendants' argument unpersuasive. In examining Defendants' contract with WTW, the express language of the contract never provided Defendants a right to set-off or recoupment. Rather, Defendants, without the support of legal authority, attempt to read in a set-off right into the contract. Courts in interpreting the U.C.C, from which the California Commercial Code is based, have held that it is inappropriate to interpret a general indemnity clause in a contract as providing a debtor the right to set-off or recoupment. <u>Boatmen's Nat'l Bank v. Sears, Roebuck and Co.</u>, 106 F.3d 227, 299-30 (8th Cir. 1997).

Accordingly, the Court **GRANTS** summary judgment pertaining to Defendants' liability for the $249,202 in WTW invoices that Defendants "escheated."

**D.   Defendants' "Earned Reserve" Defense**

Plaintiff argues that it should be entitled to summary judgment for Defendants' "Earned Reserve" Defense.  On balance, Plaintiff seems to misinterpret Defendants' "Earned Reserve" Defense in its Motion.

7

Contrary to Plaintiff's implications, Defendants' "Earned Reserve" defense does not assert that Defendants are free from liability for unpaid invoices if Plaintiff recovered funds from WTW's reserve account. Rather, Defendants' position is that if Defendants disregarded the Notification of Assignment and paid WTW directly for any invoices, Defendants' liability to Plaintiff for those invoices should be reduced by the amount that Plaintiff has already collected from WTW.

Upon review, the Court finds that Defendants' "Earned Reserve" defense is a legally cognizable defense, and thus summary judgment in Plaintiff's favor is inappropriate for this claim. California law is well-settled that "a security interest cannot exist without an underlying obligation." <u>Alliance Mortgage Co. v. Rothwell</u>, 10 Cal. 4th 1226, 1235 (1995). Thus, logically, if Plaintiff has already recovered payment for an invoice from WTW, the underlying obligation between Plaintiff and Defendants will have been extinguished.

Accordingly, the Court **DENIES** summary judgment as to the merits of Defendants' "Earned Reserve" defense. The Court finds that it cannot preclude Defendants from asserting this defense as genuine issues of material fact exist regarding its viability.

///

///

**E.   Defendants' Defense that Plaintiff may not Recover Damages on Non-Factored Accounts**

One of the defenses that Defendants assert in their Answer is that Plaintiff may not recover payment for any invoices that Plaintiff did not purchase/factor from WTW.  The Court finds that this issue is ripe for summary judgment as no genuine issues of material fact exist as to Plaintiff's security interest in all of WTW's accounts, regardless of whether the accounts were factored or non-factored.

In their papers, the Parties disagree on whether Plaintiff was actually assigned all of WTW's non-factored accounts.  The Court finds that this disagreement between the Parties is irrelevant for this issue.  It is undisputed that Plaintiff at a minimum, had a security interest in all of WTW's accounts. More specifically, paragraph 27 of Plaintiff's A/R Purchase Agreement is unambiguous and states, in pertinent part, "SECURITY INTEREST/COLLATERAL: As further inducement for [Plaintiff] to enter into this Agreement, [WTW] gives to Plaintiff, as collateral . . . a security interest, under the Uniform Commercial Code, in . . . [a]ll assets, including without limitation any and all presently existing **or hereafter arising, now owned or hereafter acquired Accounts, Accounts Receivable."**  Cooper Decl. ¶ 2, Ex. 1., p.4 (emphasis added).

Pursuant to paragraph 56 of this same agreement,

Plaintiff is allowed to take possession of collateral and collect on any accounts, factored or non-factored, once WTW entered into default. Moreover, it is undisputed that WTW defaulted on its obligations with Plaintiff. As such, the Court finds that Plaintiff is entitled to collect on WTW's accounts receivable with Defendants, regardless of whether the accounts were factored or not factored.

Accordingly, the Court **GRANTS** summary judgment regarding Defendants' defense that Plaintiff may not recover damages on non-factored accounts. The Court finds that Defendants' defense is without merit as a matter of law and precludes Defendants from asserting this defense in future proceedings.

### IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in Part and DENIES in part** Plaintiff's Motion for Partial Summary Judgment.

The Court **DENIES** summary judgment as to: (1) Plaintiff's claim for $954,468.56 in invoices that Defendants improperly paid to WTW; (2) Defendants liability to Plaintiff for $149,022 in WTW invoices; and (3) the merits of Defendants' "Earned Reserve" defense.

The Court, however, **GRANTS** summary judgment as to (1) Defendants liability to Plaintiff for $249,202 in WTW invoices that Defendants "escheated" and (2) Defendants' defense that Plaintiff may not recover

damages on non-factored accounts.  As a result, Defendants are hereby ordered to pay Plaintiff the $249,202 amount that Defendants acknowledge are due and owing to WTW.  Furthermore, Defendants are precluded from asserting the "non-factored" accounts defense in future proceedings in this Action.

**IT IS SO ORDERED.**

DATED: July 20, 2012

                                            RONALD S.W. LEW

                                      **HONORABLE RONALD S.W. LEW**

                                      Senior, U.S. District Court Judge