O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Pacific Business Capital Corporation, | ) ) ) | CV 09-5188 RSWL (PJWx) |
| Plaintiff, | ) ) ) | **Statement of Uncontroverted Facts and** |
| v. | ) ) ) | **Conclusions of Law Re: Plaintiff Pacific** |
| Time Warner Cable, LLC; | ) ) ) | **Business Capital Corporation's Motion for** |
| Time Warner NY Cable, LLC, a Delaware limited liability company, | ) ) ) | **Partial Summary Judgment [111]** |
| Defendants. | ) ) ) | |

After consideration of the papers and arguments in support of and in opposition to Plaintiff Pacific Business Capital Corporation's ("Plaintiff") Motion for Partial Summary Judgment [111], this Court makes the following findings of fact and conclusions of law.

## UNCONTROVERTED FACTS

1.  On April 22, 2005, Wire to Wire Communications, Incorporated ("WTW") executed and delivered to Plaintiff the Accounts Receivable Purchase & Security Agreement ("A/R Purchase Agreement"). Cooper Decl., ¶

1

2, Ex. 1 (A/R Purchase Agreement).

2.   Paragraph 27 of Plaintiff's A/R Purchase Agreement states, in pertinent part, "SECURITY INTEREST/COLLATERAL: As further inducement for [Plaintiff] to enter into this Agreement, [WTW] gives to Plaintiff, as collateral . . . a security interest, under the Uniform Commercial Code, in . . . [a]ll assets, including without limitation any and all presently existing or hereafter arising, now owned or hereafter acquired Accounts, Accounts Receivable." Id.

3.   On April 22, 2005, WTW executed the Irrevocable Assignment of Accounts Receivable and Proceeds to Pacific Business Capital Corporation ("Irrevocable Assignment"). The Irrevocable Assignment provides that WTW "does hereby assign all of its right, title and interest in all of its commercial Accounts Receivable, to Pacific Business Capital Corporation." Cooper Decl., ¶ 3, Ex. 2 (Irrevocable Assignment).

4.   Plaintiff sent two notices to Defendants Time Warner Cable, LLC and Time Warner NY Cable, LLC ("Defendants") on August 18, 2006 and August 24, 2006, and Defendants do not dispute that they received these Notifications of Assignments.  Dodge Decl. ¶ 6, Ex. 1 and ¶7, Ex. 2.  These Notification of Assignments are signed by WTW and specifically assign WTW's accounts receivable to Plaintiff.  Id.

5.   WTW has since defaulted on its obligations to

1  Plaintiff.   Dodge Decl., ¶ 10.

2      6.   Defendants have not paid WTW or Plaintiff

3  for $249,202 in invoices, which represent work WTW did

4  in July 2007.   Dodge Decl., ¶ 18, Ex. 9.

5      7.   The wiring work represented in these invoices

6  was done by WTW and not "Wired or Not."   <u>Id.</u>

7  Defendants acknowledge that these invoices are

8  due and owing to WTW.   <u>Id.</u>

9      8.   Defendants cut a check to WTW to pay these, but

10 then "escheated" the check at the start of this Action.

11 <u>Id.</u>

12                    **CONCLUSIONS OF LAW**

13     1.   The California Commercial Code states that a

14 debtor "may not discharge the obligation by paying the

15 assignor."   Cal. Com. Code § 9406(a).

16     2.   As such, an account debtor who ignores the

17 notification of assignment and continues to pay the

18 assignor is not relieved of its obligation to pay the

19 assignee and will be subject to liability to the

20 assignee for any payments made to the assignor.   <u>See,</u>

21 <u>e.g.</u>, <u>Ta Chong Bank Ltd. v. Hitachi High Techs. Am.</u>

22 <u>Inc.</u>, 610 F.3d 1063, 1069 (9th Cir. 2010).   Plaintiff,

23 as the assignee and security holder to WTW's accounts

24 with Defendants, is entitled to recovery for all

25 payments due to WTW.

26     3.   Accordingly, Defendants are liable to Plaintiff

27 for the $249,202 in WTW invoices that Defendants

28 acknowledge are due and owing to Wire to Wire.

1    4.   Courts in interpreting the U.C.C, from which
2 the California Commercial Code is based, have held that
3 it is inappropriate to interpret a general indemnity
4 clause in a contract as providing a debtor the right to
5 set-off or recoupment.  <u>Boatmen's Nat'l Bank v. Sears,</u>
6 <u>Roebuck and Co.</u>, 106 F.3d 227, 299-30 (8th Cir. 1997).
7 However, in examining Defendants' contract with WTW,
8 the express language of the contract never provided
9 Defendants a right to set-off or recoupment.
10    5.   Pursuant to paragraph 56 of the A/R Agreement,
11 Plaintiff is allowed to take possession of collateral
12 and collect on any accounts, factored or non-factored,
13 once WTW entered into default.
14
15 **IT IS SO ORDERED.**
16 DATED: July 20, 2012
17
18                              RONALD S.W. LEW
                     _____
19                          **HONORABLE RONALD S.W. LEW**
20                     Senior, U.S. District Court Judge
21
22
23
24
25
26
27
28

4