O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Pacific Business Capital Corporation, | ) CV 09-5188 RSWL (PJWx) |
|---|---|
| Plaintiff, | ) **ORDER Re: Counterclaimant Canfield Funding, LLC's Motion for Partial Summary Judgment [125]** |
| v. | |
| Time Warner Cable, LLC; Time Warner NY Cable, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is Counterclaimant Canfield Funding, LLC's ("Canfield Funding") Motion for Partial Summary Judgment [125]. The Motion was set for hearing for June 6, 2012, and taken under submission on June 5, 2012. After considering all of the papers and arguments submitted on this matter, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS in Part and DENIES in Part** Canfield Funding's Motion.

///

## I. BACKGROUND

The Court took five motions pertaining to the present Action under submission on June 5, 2012 including: (1) the present Motion for Partial Summary Judgment [125], (2) two related cross-motions for summary judgment [111, 120], (3) a motion in limine [119], and (4) a motion for sanctions [104]. The Court has outlined the relevant factual background for this Action in its Order regarding Defendants Time Warner Cable, LLC and Time Warner NY Cable, LLC's ("Defendants") Motion for Partial Summary Judgment [120].

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509

F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of material disputed fact remains. <u>Celotex</u>, 477 U.S. at 322.  The non-moving party is required by Federal Rule of Civil Procedure 56(e)[1] to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists.  <u>Id.</u> at 324.

### III. ANALYSIS

**A.  Evidentiary Objections**

As a preliminary matter, in ruling on a Motion for Summary Judgment, the Court considers only evidence that is admissible at trial.  Fed. R. Civ. P. 56(c). Canfield Funding makes several evidentiary objections concerning the Declarations of Bruce B. Osterstrom and Diana Dodge.

   i.   <u>Declaration of Bruce B. Osterstrom</u>

Canfield Funding argues that portions of paragraph 2 and 3 should be excluded because they lack foundation.  The Court **OVERRULES** these objections as Osterstrom has personal knowledge of the contents in these paragraphs.

Canfield Funding argues that paragraph 6, 8, 9, 10, and 11 should be excluded as vague, ambiguous, and

---

[1] The Federal Rules of Civil Procedure were amended on December 01, 2010. Federal Rule of Civil Procedure, 56(e) has now been codified as Federal Rule of Civil Procedure 56(c).

3

lacking in authentication. The Court **OVERRULES** these objections as they are without merit.

Canfield Funding argues that portions of paragraph 7 should be excluded as irrelevant. In this paragraph and its accompanying exhibit, Osterstrom testifies that Defendants' primary computer program for tracking work does not differentiate between Wire to Wire ("WTW") and Wired or Not. The objection is **OVERRULED AS MOOT** as this testimony is not necessary for the Court's analysis.

### ii. Declaration of Dianna Dodge

Canfield Funding makes a series of objections regarding paragraphs 2, 5, and 6 of the Declaration of Dianna Dodge. Specifically, in regard to paragraph 5 and 6, Canfield Funding objects to the admissibility of banking records of WTW and Wired or Not. The Court **OVERRULES** these objections as they are without merit.

All other objections in regard to the Declaration of Dianna Dodge are **OVERRULED AS MOOT** as the paragraphs objected to are not necessary for the Court's analysis.

**B.  Motion for Partial Summary Judgment**

In its Motion, Canfield Funding moves the Court for partial summary judgment, asking the Court to rule on the following: (1) that Canfield Funding has a first priority security interest in Wired or Not; (2) that as a secured party with first priority secured interest in Wired or Not, Canfield Funding is entitled to the disputed funds in the amount of $151,591.00, which

Defendants admit are payable for work performed by Wired or Not; (3) that as a secured party with a perfected first priority interest in Wired or Not, Canfield Funding is the sole party entitled to payment of any Wired or Not invoices; and (4) a declaration that this ruling is a final determination and not subject to reversal in future proceedings in this Court.  Upon review, the Court **GRANTS** summary judgment for Canfield Funding's first two requests but **DENIES** summary judgment for the final two requests.

    i.   <u>Canfield Funding has First Priority Security Interest in Wired or Not</u>

California Commercial Code § 9301(1) provides that the law of the state where a debtor is incorporated governs "perfection, the effect of perfection or non-perfection, and the priority of security interests in collateral."  It is undisputed that Wired or Not is a Nevada Corporation, and that as such, Nevada law governs the priority of security interests in Wired or Not's accounts and invoices with Defendants.  Relevant here under Nevada's Commercial Code is that priority among conflicting security interests in the same collateral is given to the first entity that files a financing statement with the Secretary of State.

In the instant Action, the Court finds that the material facts concerning Canfield Funding's security interest in Wired or Not are not in dispute.  The Parties do not dispute that: (1) prior to entering into

a factoring agreement with Wired or Not, Canfield Funding conducted a UCC search in Nevada, the state where Wired or Not is incorporated; (2) through this search, Canfield Funding discovered that there were no outstanding liens or filings against Wired or Not; and (3) on July 2, 2008, Canfield Funding filed a UCC-1 financing statement with the state of Nevada, naming Wired or Not as the Debtor.

As it pertains to Plaintiff, though Plaintiff acquired a security interest in WTW's assets, it is undisputed that Plaintiff never entered into any agreement with Wired or Not or ever filed a financing statement for Wired or Not with Nevada's Secretary of State.  Accordingly, given that Canfield Funding was the first party to file a financing statement against Wired or Not with the Nevada Secretary of State, the Court finds that as a matter of law that Canfield Funding perfected a first priority security interest in all of the assets of Wired or Not, including its accounts receivable derived from cable installation services rendered for the benefit of Defendants.

Plaintiff attempts to argue that Canfield Funding cannot have a priority interest in Wired or Not Accounts because Canfield Funding allegedly never signed a valid factoring agreement.  Plaintiff argues that the factoring agreement that Canfield Funding signed cannot be valid because it is signed by an individual named Terry Bailey, who was not listed as an

officer in Wired or Not's 2004 incorporation papers. The Court, however, finds that Plaintiff's assertion does not create a genuine issue of material fact pertaining to this issue. It is undisputed that Terry Bailey was not the President of Wired or Not in 2004. However, Canfield Funding has proffered testimony from Canfield Funding's employees as well as a document, entitled "corporate resolution," that affirmatively shows that Terry Bailey was the president of Wired or Not when Canfield Funding signed a factoring agreement with Wired or Not in July 7, 2008.

Even viewing the evidence in a light most favorable to Plaintiff, the fact that the President of Wired or Not may have been different four years prior does not create an inference that Terry Bailey was not an authorized officer of Wired or Not when he signed the agreement four years later. Thus, the Court **GRANTS** summary judgment as to Canfield Funding's priority in the security interests of Wired or Not.

  ii. <u>Canfield Funding is Entitled to Disputed Funds in the Amount of $151,591.00</u>

Canfield Funding contends that because it has a first priority security interest in Wired or Not, it is entitled to $151,591.00 in disputed funds that Defendants list as due and owing to Wired or Not in their Answer and Counterclaim. The Court finds that Canfield Funding has met its burden for summary judgment regarding this issue as no genuine issue of

material fact exists pertaining to the disputed funds.

As stated above, Canfield Funding has a first priority security interest in Wired or Not accounts receivable and thus is entitled to payment in all valid Wired or Not invoices.  Moreover, here, there are no genuine issues of fact pertaining to the validity of the three Wired or Not invoices - 34-062908-02, 34-070608-01, 34-072008-01 - that add up to the $151,591.00 of disputed funds, which Defendants acknowledge as due and owing in their pleadings (Defendants Answer to the First Amended Complaint and Counterclaim).  As additional support, Canfield Funding attaches the actual invoices, which total the $151,591.00 disputed funds amount.

In an attempt to meet its burden in opposing summary judgment, Plaintiff argues that some of the $151,591.00 may in actuality be WTW invoices, and thus Canfield Funding's senior secured interest in Wired or Not's accounts would be irrelevant for the recovery of the disputed funds.  As support, Plaintiff attempts to cast some doubt over all of Wired or Not's accounts by showing that some of Wired or Not's earliest accounts were originally generated using WTW invoices.  However, a review of the invoices proffered by Plaintiff show that the work reflected in those irregular invoices were actually performed in May 2008, which was more than one month before Canfield Funding even entered into a factoring agreement with Wired or Not.  In

contrast, the invoices that are relevant to $151,591.00 were not generated on old WTW invoices.  In all, Plaintiff does not proffer any specific facts that show that these three Wired or Not invoices are actually WTW invoices.  Thus, even viewing all these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff cannot meet its burden and that a reasonable fact-finder could not find that these invoices were actually WTW invoices.  Accordingly, the Court **GRANTS** summary judgment in favor of Canfield Funding as it pertains to Canfield Funding's rights to the disputed funds.  Accordingly the Court orders Defendants to award $151,591.00 to Canfield Funding.

      iii. <u>Canfield Funding is the Sole Party Entitled to Payment to any Wired or Not Invoices</u>

Plaintiff urges the Court to make a declaratory ruling that Canfield Funding is the sole party entitled to payment to any Wired or Not invoices.  Though Canfield Funding may be entitled to the $151,591.00 in Wired or Not invoices, the Court finds that triable issues of fact exist as to the validity of all the Wired or Not invoices.  Sometime between the months of April and July 2008, Defendants stopped contracting out installation services to WTW and instead hired Wired or Not to perform those same services.  As stated above, some invoices written during this time were printed on WTW letterhead but had WTW's name crossed out and written in its place Wired or Not.

9

Though it is undisputed that WTW and Wired or Not are two different entities incorporated in two different states, deposition testimony reveals that some early Wired or Not work may have actually been performed by WTW. Namely, during a certain time period, work that was purportedly done by Wired or Not may have been done using WTW vans and WTW employees. Thus, the Court finds that a genuine issue of fact exists as to whether all "Wired or Not Invoices" were in fact valid "Wired or Not Invoices." More specifically, from the available evidence, a fair minded jury could find that some of the work in the "crossed out" invoices were performed by WTW rather than Wired or Not. As such the Court **DENIES** partial summary judgment on this issue.

  iv. <u>Declaration that This Ruling is a Final Determination and Not Subject to Reversal</u>

Canfield Funding requests an order ruling that this is the final determination between the parties. The Court, however, finds that such a ruling is premature given the current status of the case and **DENIES** Canfield Funding's request.

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities and fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

10

adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b).

Here, all of Canfield Funding's claims have not been fully adjudicated in this Action. Canfield Funding's own Counterclaim states that Canfield Funding is entitled to $751,651.00 in invoice payments from Defendants. Thus, even after this Motion, Canfield Funding still has outstanding claims against Defendants and a final ruling is premature at this time.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in Part and DENIES in Part** Canfield Funding's Motion for Partial Summary Judgment. The Court **GRANTS** this Motion in part as to (1) Canfield Funding's first priority security interests in Wired or Not and (2) as to Canfield Funding's entitlement to the $151,591.00 in disputed funds from Defendants. The Court, however, **DENIES** this Motion in part as to Canfield Funding's request for (1) a declaratory judgment that Canfield Funding is the sole party entitled to Wired or Not invoices, and (2) a declaration that this ruling is a

///
///
///
///
///
///
///

1 | final determination and not subject to reversal in
2 | future proceedings in this Court.

**IT IS SO ORDERED.**

DATED: July 20, 2012

                                     RONALD S.W. LEW
                                _____

                                **HONORABLE RONALD S.W. LEW**
                                Senior, U.S. District Court Judge