1

2                                                              O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  Pacific Business Capital      )   CV 09-5188 RSWL (PJWx)
    Corporation,                  )
12                                )
                    Plaintiff,    )   **ORDER Re: Defendants'**
13                                )   **Motion in Limine to**
         v.                       )   **Prohibit New Damages**
14                                )   **Claim [119]**
                                  )
15  Time Warner Cable, LLC;       )
    Time Warner NY Cable, LLC,    )
16  a Delaware limited            )
    liability company,            )
17                                )
                    Defendants.   )
18  ─────────────────────────────  )

19      Before the Court is Defendants Time Warner Cable,

20  LLC and Time Warner NY Cable, LLC's (collectively

21  "Defendants") Motion in Limine to Prohibit New Damages

22  Claim [119].  The Motion was set for hearing for June

23  6, 2012, and taken under submission on June 5, 2012.

24  After considering all of the papers and arguments

25  submitted on this matter, **THE COURT NOW FINDS AND RULES**

26  **AS FOLLOWS:**

27      The Court hereby **DENIES** Defendants' Motion in

28  Limine to Prohibit New Damages Claim.  In their Motion,

                              1

1  Defendants argue that the Court should preclude
2  Plaintiff from asserting its "cost of funds" damages
3  claim at trial.   The Court, however, denies Defendants'
4  request.
5      Federal Rule of Civil Procedure 37(c)(1) "forbid[s]
6  the use at trial of any information required to be
7  disclosed by Rule 26(a) that is not properly
8  disclosed."   Hoffman v. Constr. Protective Servs.,
9  Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (citing Yeti
10 by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101,
11 1106 (9th Cir.2001)).   Furthermore,"if a party fails to
12 provide information or identify a witness as required
13 by Rule 26(a) or (e), the party is not allowed to use
14 that information or witness to supply evidence on a
15 motion, at a hearing, or at a trial, unless the failure
16 was substantially justified or is harmless."   Fed. R.
17 Civ. Pro. 37(c)(1).   The party facing sanctions,
18 however, bears the burden of proving that its failure
19 to disclose the required information was substantially
20 justified or harmless. Torres v. City of L.A., 548 F.3d
21 1197, 1213 (9th Cir. 2008).
22     In their Motion, Defendants state that during
23 discovery, Plaintiff provided no indication to
24 Defendants that Plaintiff was seeking any "cost of
25 funds" damages, which are damages related to interest
26 Plaintiff paid on its sources of funds to operate its
27 business.   Defendants contend that Plaintiff waited to
28 disclose its plan on pursuing these damages in its

2

1   "Supplemental Initial Disclosures," which were filed
2   one month after the close of discovery.  Defendants
3   argue that not only was this "cost of funds" category
4   of damages not identified in initial disclosures, but
5   it was not identified in any responses to Defendants'
6   interrogatories.  As such, Defendants argue that
7   Plaintiff's failure to identify this alleged category
8   of damages precludes Plaintiff from now relying on that
9   information during trial.

10       The Court, however, finds Defendants' arguments
11  unconvincing.  Defendants have requested that the Court
12  preclude Plaintiff from asserting an entire category of
13  damages.  As such, because the requested sanction
14  involves the dismissal of an entire category of
15  damages, the Court is "required to consider whether the
16  claimed noncompliance involved willfulness, fault, or
17  bad faith."  R&R Sails, Inc. v. Insurance, co. of
18  Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012)
19  (holding that the district court was required to make
20  an inquiry into willfulness, fault, or bad faith if the
21  sanction amounted to the dismissal of a claim).  If the
22  Court cannot find "willfulness, fault, or bad faith,"
23  then the Court must deny the requested sanction.  Id.

24       Here, the Court finds that the circumstances
25  surrounding discovery do not affirmatively indicate
26  that Plaintiff acted in bad faith.  A month and a half
27  before the close of discovery, Plaintiff disclosed its
28  Consolidated Financial Statements that included

                                3

1   detailed information regarding Plaintiff's "cost of

2   funds."  Although Defendants did not send a demand

3   letter to Plaintiff to update its initial disclosures

4   until a day after fact-discovery was completed,

5   Plaintiff, nevertheless, updated its initial

6   disclosures, as Defendants requested, to include the

7   "cost of funds" damages claim.  As these facts

8   indicate, it appears that Plaintiff attempted to work

9   with Defendants in providing sufficient information

10  regarding the "cost of funds" claim.  The Court finds

11  that Plaintiff's conduct is not consistent with an

12  attitude of "willfulness, fault, or bad faith."

13       Moreover, the Court finds that Plaintiff has met

14  its burden to show that any perceived discovery

15  violation was harmless.  <u>Torres</u>, 548 F.3d at 1213

16  (party facing sanctions bears the burden of showing

17  that their discovery violation was harmless).  Here,

18  although Plaintiff did not fully disclose the "cost of

19  funds" until after the deadline for fact-discovery,

20  Defendants, nevertheless, were able to elicit

21  deposition testimony regarding the Cost of Funds from

22  Plaintiff's 30(b)(6) witness, Diana Dodge.  Moreover,

23  Defendants' expert fully accounted for the "cost of

24  funds" damages in his expert report and admitted that

25  he had available to him all necessary financial

26  information related to the "cost of funds" damages

27  claim.

28       Defendants argue that they are prejudiced because

they were not able to subpoena bank records from the various banks that provided Plaintiff its "cost of funds."  However, given that Defendants' expert did indicate that he had all necessary financial information pertaining to the "cost of funds," it is unlikely that Defendants need substantially more discovery pertaining to this issue.

In sum, based on the foregoing, the Court **DENIES** Defendants' Motion in Limine to Prohibit New Damages Claim given that Defendants cannot meet their burden to show that Plaintiff's discovery violation constituted "willfulness, fault, or bad faith."

**IT IS SO ORDERED.**

DATED: July 20, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge