O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Pacific Business Capital Corporation, | ) ) ) | CV 09-5188 RSWL (PJWx) |
| Plaintiff, | ) ) | **ORDER Re: Plaintiff's Motion for Sanctions Against Defendant Time Warner for Spoliation of Evidence [104]** |
| v. | ) ) ) ) | |
| Time Warner Cable, LLC; Time Warner NY Cable, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Plaintiff Pacific Business Capital Corporation's ("Plaintiff") Motion for Sanctions Against Defendant Time Warner Cable for Spoliation of Evidence [104].  The Motion was set for hearing for June 6, 2012 and taken under submission on June 5, 2012.  After considering all of the papers and arguments submitted on this matter, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Plaintiff's Motion for Sanctions.  In its Motion, Plaintiff requests that the

1

Court enter default judgment against Defendants Time Warner Cable, LLC and Time Warner NY Cable, LLC (collectively "Defendants") because of the alleged spoliation or destruction of work orders that Plaintiff claims are necessary for its case.[1]  The Court, however, finds Plaintiff's request without merit.

Under its inherent power to control litigation, a district court may levy sanctions, including dismissal of the action, for spoliation of evidence.  <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 958 (9th Cir. 2006) (citing <u>Anheuser-Busch, Inc. v. Natural Beverage Distribs.</u>, 69 F.3d 337, 348 (9th Cir. 1995)).  However, sanctions are only appropriate when a party had some notice that the destroyed evidence was potentially relevant.  <u>See</u> <u>Leon</u>, 464 F.3d at 959; <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1001 (9th Cir. 2002).  Dismissal is an available sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings."  <u>Anheuser-Busch</u>, 69 F.3d at 348 (internal citations omitted).  Before imposing the "harsh sanction" of dismissal, however, the district court must make a finding of "willfulness, fault, or bad faith."  <u>Id.</u>

---

[1]Plaintiff has entitled its Motion as Plaintiff's Motion for Sanctions Against Defendant Time Warner for Spoliation of Evidence.  However, in its Motion, Plaintiff requests sanctions against both remaining Defendants, which include Defendant Time Warner Cable, LLC and Defendant Time Warner NY Cable, LLC.

1    Plaintiff argues that sanctions should be imposed
2 upon Defendants because when Plaintiff informed
3 Defendants of its intent to sue on July 31, 2008,
4 Defendants were then obligated to preserve all relevant
5 evidence.  Plaintiff alleges, however, that Defendants
6 skirted their obligation and destroyed hundreds of work
7 orders after July 31, 2008.  The Court, however, finds
8 that Plaintiff cannot meet its burden of showing that
9 Defendants have, in fact, destroyed any of the relevant
10 pieces of evidence.  The Court finds that the facts
11 proffered by Defendants illustrate that Defendants at
12 the very least, did not knowingly destroy work orders
13 once Defendants received notice of Plaintiff's
14 intention to file the current Action.
15    To prove that they did not destroy documents,
16 Defendants point to various documents, such as summary
17 sheets, that Plaintiff alleges were destroyed but that
18 were actually produced by Defendants to Plaintiff.  On
19 the other hand, Plaintiff offers no facts that
20 affirmatively show Defendants' bad faith, willfulness,
21 or fault in destroying any documents during the
22 discovery process.  Anheuser-Busch, 69 F.3d at 348
23 (holding that willfulness, fault, or bad faith is
24 required for dismissal or default to be proper).
25    Moreover, the Court finds that the evidence
26 primarily relied on by Plaintiff to prove the
27 spoliation of evidence does not affirmatively show that
28 work orders were destroyed after July 31, 2008.

1  Rather, the Court finds that the deposition testimony
2  relied on by Plaintiff only illustrates that certain
3  work orders sought by Plaintiff were regularly
4  destroyed by Defendants during the normal course of
5  business before July 31, 2008.

6       The mere fact that Defendants had a business
7  practice of regularly destroying documents only
8  illustrates that Defendants were regularly destroying
9  work orders prior to July 31, 2008.  Without more, such
10 practice by Defendants cannot be found to be spoliation
11 of evidence.  <u>See</u> <u>Kitsap Physicians</u>, 314 F.3d at 1001-
12 02 (affirming the district court's finding of no
13 spoliation when potentially relevant documents were
14 destroyed in the defendants' normal course of
15 business).

16      Accordingly, the Court finds that Plaintiff has not
17 met its burden to show that Defendants destroyed
18 evidence after they received notice of litigation, and
19 the Court hereby **DENIES** Plaintiff's Motion for
20 Sanctions.

21

22 **IT IS SO ORDERED.**
23 DATED: July 20, 2012

24

25                          RONALD S.W. LEW
                          _____
26                          **HONORABLE RONALD S.W. LEW**
27                          Senior, U.S. District Court Judge
28

                                  4